FILED

2025 Jul-17  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RASHON FELTON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:25-cv-00580-RDP** |
| } | |
| **VROOM AUTOMOTIVE, LLC et al.,** } | |
| } | |
| **Defendants.** } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiff's Renewed Motion to Remand (Doc. # 44) and Defendant Open Lending, LLC's ("Open Lending") Motion for Leave to File Amended Notice of Removal. (Doc. # 62). Plaintiff's Motion has been briefed and is ripe for review. (Docs. # 44, 49, 61). The court held an in-person status conference with the parties on July 17, 2025 to discuss the motions. For the reasons discussed below, Plaintiff's Motion (Doc. # 44) is due to be denied and Open Lending's Motion (Doc. # 62) is due to be granted.

## I.    Background

On February 24, 2025, Plaintiff Rashon Felton ("Plaintiff") filed this action against Defendants Loss Prevention Services, LLC and "John Doe" in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-1 at 15-20). In his Complaint, Plaintiff sought replevin, alleging that Defendants "wrongfully took and/or retained possession of [his] vehicle without [his] consent or legal jurisdiction." (*Id.* at 16 ¶ 11).

On March 13, 2025, Plaintiff filed a Motion for Leave to File Supplemental Complaint and to Add Additional Defendants (Doc. # 1-1 at 61-64), along with a proposed Supplement to Original Complaint and Jury Demand. (*Id.* at 65-74). The Supplemental Complaint asserted claims against the following additional Defendants: Vroom Automotive, LLC; Santander Consumer, USA, Inc; Autopay, LLC; the Alabama Department of Revenue Motor Vehicle Division; Opening Lending,

LLC; and Pentagon Federal Credit Union (collectively, "Defendants"). (*Id.* at 62; *see also id.* at 67-69). In his Supplemental Complaint, Plaintiff asserted several state law claims, as well as claims under the Truth in Lending Act ("TILA") and the Fair Credit Reporting Act ("FCRA"). (Doc. # 1-1 at 69-72). On March 16, 2025, the Circuit Court of Jefferson County granted Plaintiff's Motion. (*Id.* at 77).

On April 17, 2025, Defendant Open Lending filed a Notice of Removal with this court based on federal question jurisdiction under 28 U.S.C. § 1331. (Doc. # 1). On April 23, 2025, Plaintiff filed a Motion to Remand the case back to the Circuit Court of Jefferson County arguing that removal was untimely and there was a lack of unanimity by Defendants. (Doc. # 11). On May 19, 2025, the court denied Plaintiff's Motion to Remand finding that removal was timely and that all Defendants consented to removal. (Doc. # 35).

After ruling on Plaintiff's Motion to Remand, the court issued an order on May 20, 2025, stating that Plaintiff's Supplemental Complaint was an impermissible shotgun pleading. (Doc. # 36). The court ordered Plaintiff to file an amended complaint in compliance with the Federal Rules of Civil Procedure. (*Id.* at 1).

On June 13, 2025, Plaintiff filed an amended complaint against all Defendants asserting the following state law claims: wrongful repossession; conversion; trespass; negligent hiring, training, and supervision; invasion of privacy; negligent misrepresentation; and negligent and wanton conduct. (Doc. # 43). Plaintiff's Amended Complaint contains no federal law claims.

After filing his Amended Complaint, Plaintiff filed a Renewed Motion to Remand arguing that the court no longer has federal question jurisdiction since he has abandoned his federal law claims. (Doc. # 44). Plaintiff also argues that the court does not have diversity jurisdiction over the case because "Plaintiff is a citizen of Alabama" and "at least one Defendant is also a citizen and/or entity of Alabama, thereby destroying complete diversity." (Doc. # 49 at 4).

Defendants filed a Response in Opposition to Plaintiff's Renewed Motion to Remand (Doc. # 61) and Motions to Dismiss the Amended Complaint. (Docs. # 54, 55, 56, 57, 58, 59, 60). In their response to Plaintiff's Renewed Motion to Remand, Defendants argue that although the court no longer has federal question jurisdiction to hear the case, it has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 61). Defendants contend that diversity jurisdiction exists because the only Alabama Defendant named in the complaint, Alabama Department of Revenue Motor Vehicle Division's ("ALDOR"), is fraudulently joined in this action and its citizenship "should be ignored." (*Id.* at 6).

And, because Defendants contend diversity of citizenship jurisdiction exists, Open Lending has filed its Motion for Leave to File Amended Notice of Removal (Doc. # 62), arguing that the Amended Complaint raises new grounds for this court's subject matter jurisdiction. That is, Defendants contend the court has diversity jurisdiction based on the citizenship of the parties and Plaintiff's fraudulent joinder of ALDOR.

## II.    Legal Standard

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Accordingly, if either the parties or the court itself questions the existence of federal subject matter jurisdiction at any point in the proceedings, the court has a constitutional responsibility to ensure that federal jurisdiction exists before it takes up any other issues presented by the parties. *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction is proper if (1) there is

complete diversity of citizenship and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §

1332. The removing party has the burden of establishing subject matter jurisdiction over a case

removed to federal court. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

And, in the context of a motion to remand, the party opposing remand has the burden of

establishing that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287

n.4 (11th Cir. 1998). "Because removal jurisdiction raises significant federalism concerns, federal

courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction

should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168

F.3d 405, 411 (11th Cir. 1999); *see also Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342,

1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the

Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely

clear.").

## III. Discussion

In his Renewed Motion to Remand (Doc. # 44), Plaintiff argues that this case should be

remanded because the court no longer has federal jurisdiction to hear the case. In response,

Defendants contend that the court has jurisdiction to hear the case because, based on Plaintiff's

Amended Complaint, the court has diversity jurisdiction. (Doc. # 61). Whether Defendants are

correct in that assertion depends on whether the one non-diverse Defendant named in Plaintiff's

Amended Complaint is properly before the court or has been fraudulently joined.

The first question the court must answer is whether Defendants may amend their notice of

removal (which relied solely on federal question jurisdiction) to include as a basis for removal

diversity of citizenship jurisdiction. The answer to that question is yes.

Just recently, the Supreme Court considered a matter similar to the case at issue here. In

*Royal Canin U.S.A., Inc. v. Wullschleger*, the plaintiff sued the defendant in state court, asserting

claims based on both federal and state law. 604 U.S. 22, 28 (2025). The defendant removed the case to federal court pursuant to federal question jurisdiction based on the plaintiff's federal claim. *Id.* However, shortly after the case was removed to federal court, the plaintiff amended her complaint removing every mention of federal law, "leaving her state claims to stand on their own" and subsequently filed a motion to remand to state court. *Id.* at 29. The district court denied plaintiff's motion, but the Eighth Circuit reversed that decision and ordered a remand. *Id.* The Eighth Circuit explained that an amended complaint "'[supersedes] an original complaint and renders the original complaint without legal effect.'" *Id.* (quoting *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922 (8th Cir. 2023)) (alteration in original). Accordingly, the Circuit held that plaintiff's amendment "had eliminated any basis for federal jurisdiction." *Id.* The Supreme Court affirmed the Eighth Circuit's decision. It explained that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Id.* at 30; *see also id.* at 34 ("[A]n amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion.").

Applying *Royal Canin* here, it is only fair and reasonable to allow Defendants to amend their notice of removal to reflect the new claims in Plaintiff's post-removal amendment to the complaint. The court discussed this reasoning with the parties at the in-person status conference on July 17, 2025, and Plaintiff did not disagree.[1]

Next, the court must determine whether it has jurisdiction based on Plaintiff's Amended Complaint and Defendants' newly asserted basis for removal. (Doc. # 43). Clearly, Plaintiff's Amended Complaint contains no federal law claims. It explicitly states: "State Law Claims Only, Federal Claims Abandoned." (*Id.* at 43). Moreover, Defendants do not dispute that the Amended Complaint does not present a federal claim to support federal question jurisdiction. (Doc. # 61 at

---

[1] There does not appear to be any dispute that the amount in controversy requirement for diversity jurisdiction is satisfied.

5). Rather, Defendants argue that the court retains jurisdiction over this matter based on the parties' complete diversity. (*Id.*).

On the face of the Amended Complaint, it appears that complete diversity does not exist because both Plaintiff and ALDOR are Alabama citizens. (Doc. # 43). But, Defendants urge that "the citizenship of ALDOR should be ignored" because ALDOR has been fraudulently joined. (Doc. # 61 at 6). According to Defendants, the "allegations (or lack thereof)" in Plaintiff's Amended Complaint against ALDOR show that "there is no possibility whatsoever that Plaintiff can assert a valid claim against ALDOR" because (1) Plaintiff's Amended Complaint "does not allege that ALDOR was involved in any facts giving rise to any claims" and, in any event, (2) Plaintiff's claims against ALDOR are barred by Eleventh Amendment immunity and sovereign immunity and therefore Plaintiff has no possibility of recovering against them. (*Id.* at 6-8).

As to Defendants' argument that there are no allegations against ALDOR in the Amended Complaint, careful review of that pleading shows that although ALDOR is identified in the Complaint (Doc. # 43 at 3 ¶ 12), Defendants are correct: there are simply no factual allegations directed at ALDOR. Only one claim in the Amended Complaint purports to be asserted against ALDOR (Count VII – Negligent and Wanton Conduct). (*Id.* at 5). However, there are no allegations anywhere in the Amended Complaint – much less in connection with Count VII – stating how ALDOR was negligent or wanton. Further, even if the Amended Complaint alleged facts purporting to establish a claim against ALDOR (and, to be clear, it does not), it is readily apparent ALDOR is fraudulently joined for an alternative reason – any claim that could be asserted against it here would fail due to an immunity defense.

To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) that plaintiff has fraudulently pled jurisdictional

facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The Eleventh Circuit has stated that this burden is a "heavy one." *Id.* "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* "In making this determination, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (quoting *Crowe*, 113 F.3d at 1538). "In other words, '[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.'" *Id.* (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

The Eleventh Circuit has distinguished this standard from the standard applicable to a 12(b)(6) motion to dismiss. *Id.* The 12(b)(6) motion to dismiss standard requires that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In contrast, all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Stillwell*, 663 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287).

Defendants argue that there is no possibility that Plaintiff can assert a valid claim against ALDOR because Plaintiff's claims against ALDOR are barred by Eleventh Amendment immunity and sovereign immunity. (Doc. # 61 at 7). Absent state waiver or congressional overrule, Eleventh Amendment immunity bars actions against the State in federal court as "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Cost. Art. I. § 14; *see also Regents of the Univ. of Ca. v. Doe*, 519 U.S. 425, 429 (1997). This immunity extends to arms of the State,

which includes ALDOR, as it is undisputedly a state entity and an arm of the State. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).

Accordingly, because ALDOR is entitled to sovereign immunity, there is simply no possibility that Plaintiff can assert a valid cause of action against it. *See Swift v. Purcell*, 2019 WL 5810413, at *5-8 (N.D. Ala. Nov. 7, 2019) (holding that the defendants were fraudulently joined because there is no possibility the plaintiff could establish a claim against them based on sovereign immunity grounds). Therefore, the court concludes that Plaintiff fraudulently joined ALDOR and the claims against ALDOR are due to be dismissed.

## IV.    Conclusion

For the reasons discussed above, Plaintiff's Renewed Motion to Remand (Doc. # 44) is due to be denied and Open Lending's Motion for Leave to File Amended Notice of Removal (Doc. # 62) is due to be granted. A separate order in accordance with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this July 17, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE